Mario VIZCARRA, Mario Humberto
Vizcarra Melera, and Rock Shop
of El Paso, Appellants,

v.

Efrain ROLDAN, Maria Ascencion Luna
De Roldan, and Rosa Cecilia Mendoza
De Roldan, Appellees.

No. 08–94–00327–CV.

Court of Appeals of Texas,
El Paso.

April 25, 1996.

Rehearing Overruled July 3, 1996.

E.K. Peticolas, Peticolas and Shapleigh, El
Paso, for Appellants.

James F. Scherr, Scherr & Legate, P.C.,
El Paso, for Appellees.

Before McCLURE, CHEW and
WOODARD (sitting by Assignment), JJ.

## OPINION

McCLURE, Justice.

This appeal presents the question of whether Mexican law or Texas law should apply to an automobile accident occurring in Mexico. We reverse and remand for proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

Appellant Mario Vizcarra is an employee of Appellant Rock Shop of El Paso, Inc., a Texas corporation. On June 17, 1990, Vizcarra drove a pick-up truck owned by Rock Shop from its showroom in El Paso, Texas to its warehouse in Juarez, Chihuahua, Mexico. En route back toward El Paso, Vizcarra lost control of the truck, jumped a curb, and struck Appellee Efrain Roldan as Roldan stood in his front yard in Juarez. Appellants do not dispute that Vizcarra was in the course and scope of his employment

with Rock Shop at the time of the accident. Roldan, a citizen of Mexico, brought suit for his injuries in El Paso, Texas. His wife and mother, also citizens of Mexico, filed bystander and loss of consortium claims in the same lawsuit. Pursuant to TEX.R.CIV.P. 203, Rock Shop and Vizcarra filed a Motion for the Application of Mexican Law and attached the applicable translated sections from the Mexican Civil Code. Rock Shop and Vizcarra also offered the testimony of Roberto Calvo Ponton, an attorney licensed to practice law in Mexico, on the issue of applicable Mexican law. The trial court denied the motion and applied Texas law to this case.

The jury found that Vizcarra's negligence did not proximately cause the accident. The damage questions were not conditioned on an affirmative answer to the liability question, and the jury found $85,000 in damages for Roldan, $1,000 in damages for his wife, and $3,000 in damages for his mother. The trial court entered judgment non obstante veredicto on the liability finding and entered judgment for the Roldans. On appeal, Rock Shop and Vizcarra challenge the judgment in two points of error. First, they allege that the trial court erred in granting the JNOV on the liability issue. Second, they argue that the trial court erred in failing to apply Mexican law to the case. The Roldans bring several cross-points. Because we find that the trial court erred in applying Texas law, we reach neither the first point of error, nor the Roldans' cross-points.

### CHOICE OF LAW PRINCIPLES

■ The "most significant relationship" test, as enunciated in Sections 6 and 145 of the Restatement (Second) of Conflicts, governs all conflicts cases sounding in tort. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Section 6 sets out the general principles involved in an analysis of the "most significant relationship":

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971).

The court should consider the following factual matters listed in Section 145(2) of the Restatement when applying the Section 6 principles:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145.

Application of the "most significant relationship" analysis should not turn on the number of contacts listed in Section 145, but rather on the qualitative nature of those contacts as affected by the policy factors set out in Section 6. *Gutierrez*, 583 S.W.2d at 319. There is no set formula for determining the significance of any particular contact. Instead, the court must weigh the relationship on a case by case basis. *See id.* Once the significance of the contacts has been established, the question of which law to apply is one of law. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984).

## APPLICATION OF CHOICE OF LAW PRINCIPLES

■ At the outset, we apply the factual matters stated under Section 145(2). The first two considerations, the place of injury and the place where the allegedly negligent conduct causing the injury occurred, point to Mexico. The domiciles of the parties are in both Texas and Mexico. The Roldans are citizens of Mexico; Vizcarra is a citizen of Texas and Rock Shop is a Texas corporation. Mexico is also the place where the relationship between the parties is centered, the final factual consideration. Because the record reflects no relationship whatsoever between any plaintiff and any defendant until the accident, the entire relationship between the Roldans on the one hand and Vizcarra and Rock Shop on the other, consists of an accident that occurred in Mexico. Clearly, the factual contacts favor application of Mexican law.

We must, however, analyze these factual contacts in light of their impact upon the policy factors set out in Section 6 of the Restatement. *Gutierrez*, 583 S.W.2d at 319. Comment e to Section 6 of the Restatement pronounces that "[i]f the purposes sought to be achieved by a local statute or common law rule would be furthered by its application to out-of-state facts, this is a weighty reason why such application should be made." RE-STATEMENT (SECOND) OF CONFLICT OF LAWS § 6 cmt. e. This comment speaks to considerations (b) and (e), the relevant policies of the forum and the basic policies underlying the particular field of law. Texas courts have emphasized these two factors in determining which forum has the "most significant relationship" to the claim at issue. *See e.g. Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984) (governmental interest of each forum is the "beginning point" for determining most significant relationship); *Seth v. Seth*, 694 S.W.2d 459, 463 (Tex.App.—Fort Worth 1985, no writ) (relevant policies

of the forum is most critical consideration in determining most significant relationship).

## COMPARISON OF RELEVANT POLICIES

Roldan argues that both the Texas legislature and Texas courts have expressed a strong interest in the regulation of the conduct of corporations that have business operations in the state, even if the injuries sought to be prevented occur outside the state. In support of their argument, the Roldans cite *Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 250 (5th Cir.1990) (applying Texas law to a products liability action brought by non-residents against a Texas business for injuries occurring in North Carolina) and *Baird v. Bell Helicopter Textron*, 491 F.Supp. 1129, 1140 (N.D.Tex.1980) (applying Texas law to a wrongful death action brought by a Canadian plaintiff against a Texas aircraft manufacturer). Each of these cases involves the determination by a federal court sitting in diversity of the relative interests of the respective forums in allegations of dangerously manufactured products. While we agree that Texas has a strong policy interest in controlling corporate action in areas such as the manufacture of defective products, the facts here do not give rise to such an interest. This is true for two reasons.

First, this case does not involve a corporate act on the part of Rock Shop. The Roldans alleged that Vizcarra's negligent driving caused their damages. Rock Shop's liability for Vizcarra's errant driving is vicarious and based solely on a respondeat superior theory.[1] There simply is no affirmative act by Rock Shop which the State of Texas would have an interest in controlling. Second, the act involved is regulated by Mexican law inasmuch as Mexico regulates the activities of drivers within its borders. Mexico has no reason to defer to the State of Texas for regulation of the act that caused this accident. Texas therefore does not have an appreciable interest in applying its law to an

---

1. Roldan attempted to submit a negligent hiring or negligent entrustment theory against Rock Shop. Had Roldan marshaled sufficient facts, the negligent hiring of Vizcarra or the negligent entrustment of the truck to Vizcarra may have involved a sufficient corporate act occurring in

Texas to give Texas an interest in applying its law to this case. The trial court, however, found that the evidence was insufficient to submit these theories, and that finding is not challenged on appeal.

**92**

automobile accident caused by negligent driving in a jurisdiction having its own laws regarding the operation of automobiles.

The Roldans further assert that Mexico has no policy interest in applying its law to this accident. Mexico has adopted laws limiting liability in negligence cases to an amount based upon a statutory formula. Unlike Texas law, Mexican law does not provide for derivative claims, such as the bystander or loss of consortium claims filed by Roldan's wife and mother. Because Mexico's underlying policy interest in adopting laws restricting tort recovery is to protect Mexican businesses and citizens from excessive liability claims, the Roldans argue that since this case involves a Texas citizen and a Texas corporation as defendants, Mexico's policy interests are not offended by applying Texas law. We generally agree with that concept and the reasoning behind the Roldans' argument. *See e.g. Baird,* 491 F.Supp. at 1141 (jurisdiction where accident occurred and which did not have a products liability cause of action would presumably be disinterested in the outcome of a products liability case involving a foreign defendant). Here, however, Mexico indeed has a policy interest in applying its law, including the protection intended by limited damages, inasmuch as Rock Shop maintains a warehouse and does business in Mexico.

### *CONCLUSION*

The relevant conduct in this case occurred in Mexico and the relationship between these parties arose there as a result of that conduct. We find that Texas has no important policy interest in applying its law to this case while Mexico has at least some policy interest in applying its law to Rock Shop. Further, we do not find that the facts of this case significantly impact any of the other qualitative policy factors stated in Section 6 of the Restatement. Accordingly, we sustain Appellants' second point of error. Because our determination requires retrial of all issues pursuant to substantive Mexican law, it is unnecessary for us to reach Appellants' first point of error or Appellees' cross-points. We reverse the judgment of the trial court and remand the cause for trial.